UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
HUDSON VALLEY BRONZING & HAIR SALON, INC.,

                            Plaintiff,

              v.                                       1:06-CV-0524
                                                          (GLS)(DRH)

UNITED STATES OF AMERICA; INTERNAL REVENUE
SERVICE; MARY HANNAH,

                            Defendants.
_____
APPEARANCES:

HUDSON VALLEY BRONZING & HAIR SALON, INC.
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## DECISION and ORDER

### I. Introduction

Presently before the Court is a complaint filed *pro se* by Richard Ulloa. The complaint is brought by Ulloa in the name of Hudson Valley Bronzing & Hair Salon, Inc. ("Hudson Valley Salon") to challenge a levy issued by the Internal Revenue Service ("IRS") to recover unpaid employer taxes. Dkt. No. 1.[1] According to the complaint, the IRS did not afford Hudson Valley Salon a collection due process hearing as required by 26 U.S.C. § 6330 prior to issuing the levy against its account at the Mid-Hudson Valley Federal Credit Union. Dkt. No. 1 and ex. A.[2] Ulloa has also filed a motion encaptioned "Motion to Stay," by which he appears to seek injunctive relief. Dkt. No. 3. The statutory filing fee for this action has been paid.

---

[1] The tax levy was issued against Hudson Valley Cut & Bronzing Salon, Inc. *Id.* at ex. A. The relationship, if any, between these entities is not explained in the complaint.

[2] Ulloa seeks to maintain this action pursuant to 26 U.S.C. § 6330(d)(1)(A).

**II.    Discussion**

Courts have a duty to construe *pro se* complaints liberally, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (citation omitted), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted).  Nonetheless, courts have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that the plaintiff has paid statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (district court has power to dismiss case *sua sponte* for failure to state a claim (quotation omitted)); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* for failure to state a claim as long as the court gives the plaintiff notice and an opportunity to be heard (citations omitted)).

"[I]t is settled law that a corporation cannot generally appear in federal court except through its lawyer."  *Jacobs v. Patent Enforcement Fund, Inc.* 230 F.2d 565, 569 (2d Cir. 2000) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1945)).  *Cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (trustee lacks standing as a pro se litigant to prosecute claims on behalf of the trust); *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (executor of estate may not maintain an action on behalf of the estate seeking damages for the alleged conversion of estate assets).  Thus, although litigants in federal court have a statutory right to choose to act as their

own counsel, *see* 28 U.S.C. § 1654, "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (citation omitted).

As noted, the named plaintiff in this action is Hudson Valley Salon. The complaint was signed by Richard Ulloa, who also identifies himself as the plaintiff. The relationship, if any, between Ulloa and Hudson Valley Salon or Hudson Valley Cut & Bronzing Salon, Inc. (the entity against which the levy was issued) is not disclosed in the complaint.[3] It does not appear that Ulloa is a licensed attorney. Consequently, even assuming, *arguendo*, that Ulloa is an officer or even the sole stockholder of the corporate plaintiff, he may not maintain this action *pro se* on its behalf.

The Court has also considered whether Ulloa may maintain this action in his own name and concludes that he may not. To have standing, "at an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' ... and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision'...." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted).

The tax levy challenged herein was issued against a corporation, and Ulloa does not have standing to pursue the corporation's claims in his own name. The claims set forth in the complaint belong to the corporate taxpayer and may only be asserted by the

---

[3] Ulloa is not the individual identified in the notice of levy sent by the IRS to the credit union where the account is maintained. Dkt. No. 1 at ex. A.

corporation.

Accordingly, for the reasons set forth above, the complaint is dismissed. In light of the dismissal of the complaint, the motion to stay the execution of the tax levy must also be denied.[4] In light of Ulloa's *pro se* status, the Clerk is directed to refrain from entering judgment dismissing this action for a period of thirty (30) days in order to afford Ulloa the opportunity to obtain counsel to appear on behalf of the corporation.

## III.  Conclusion

WHEREFORE, for the reasons set forth above, it is hereby

ORDERED, that the complaint is dismissed. The Clerk shall refrain from entering judgment for a period of **thirty (30) days** from the filing date of this Order in order to permit Ulloa to obtain counsel to appear in this action on behalf of Hudson Valley Salon, and it is further

ORDERED, that the motion to stay (Dkt. No. 3) is denied, and it is further

ORDERED, that upon the timely filing of a notice of appearance by counsel for plaintiff, the Clerk return the file to the Court for further consideration, and it is further

ORDERED, that if Ulloa fails to timely comply with the terms of this Decision and Order, the Clerk enter judgment dismissing this action, without prejudice, without further

---

[4] Moreover, the Court notes that any renewed motion must meet a stringent standard to warrant injunctive relief. As stated in the Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421. "The purpose of the Act is to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Randell v. United States*, 64 F.3d 101, 106 (2d Cir.1995) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974)) (additional quotation marks omitted).

order of this Court, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on Ulloa by regular mail.

IT IS SO ORDERED.

Dated: June 9, 2006

Gary L. Sharpe
U.S. District Judge